Parker, J.
This case is here on appeal, Proceedings were brought in the court of common pleas by Hulshoff, as trustee, to foreclose a lien on certain lots in the East Broadway addition to the city of Toledo. Others who appeared to have liens upon or interests in the property were made parties defendant, and the claims of all parties, excepting certain issues between J. W. Bowman and Lily M. Todd and William D. Kimball, on the one part, and The Mutual Aid Building & Loan Company on the other part, were disposed ■of in the court of common pleas.
By an agreed statement of facts the following'facts appear:
“1, On October 22, 1892, defendant Joseph W. Bowman was the owner in fee simple of lots No 63, 64, 65, 66, 67, 68 and 69 in East Broadway addition to the city of Toledo, Lucas county, Ohio, and continued to appear of record as such owner down to October 13, 1898.
“2. On November 3, 1892, Joseph W. Bowman and wife executed to Edmund B. Guiney their warranty deed for lots 64 to 69, both inclusive, of said East Broadway addi-. tion, the consideration therein stated being $1,800, which deed has never been recorded, Nine hundred dollars of said consideration was paid by said Guiney, by deeding to said Bowman certain lots in Findlay, Hancock county, Ohio, which deed was never recorded,
“3. On July 5, 1893, said last mentioned deeds were delivered to the respective grantees, and said Guiney executed and delivered to said Bowman his mortgage deed of that date, conveying said lots 64 to 69, inclusive, to secure said balance of $900 of the purchase price, which was evidenced by a note of that amount, dated May 1, 1893, payable one year from date, with interest at seven per cent, per annum,payable annually; unpaid interest to bear interest at eight per cent. The mortgage was properly executed and recorded July 5, 1893, in vol. 167 of Mortgages, page 223, of Lucas county, Ohio, records, and is not released upon the record of mortgages. Said note and mortgage have never been transferred nor assigned by said Jos. W. Bowman, and remain in full force and effect unless the proceed *556 ings set up in No. 4 hereof cancelled and satisfied the same.
“4. On October 29, 1896, said Bowman filed his petition in the common pleas court of Lucas county, cause No. 40263, to foreclose the last-mentioned mortgage. An answer was thereafter filed by said Guiney, and a reply thereto by the plaintiff.. The only entry that appears upon the journal of said cause is as follows:
“ ‘June 19, 1897. This day came the parties by their attorneys, and in open court declared this cause settled; each party to pay one half the costs.
“ ‘It is therefore ordered, adjudged and decreed by the court, that each party pay one-half of the costs herein, taxed at $ — —
“Costs amounting to $15.96 have never been paid.
“5, At the time of the settlement of said case, and in pursuance to its terms, said Guiney executed and delivered to said Bowman his quit-claim deed of said lots 64 to 69, inclusive, which deed has never been recorded.- Said Guiney also delivered back to said Bowman, the warranty deed of said lots mentioned in No. 2, delivered by said Bowman to him and which had never been recorded. Said Bowman, on his part, delivered back to Guiney the unrecorded deed he had received for the Findlay lots, and also executed and delivered to said Guiney his quit-claim deed for said Findlay lots.”
There are certain other findings of fact having reference to a subsequent sale of this property by Bowman to Lily M. Todd, under contract of sale, for $2,100; setting up the fact of the payment by her of $1,050 of the purchase price, and the fact that there remains unpaid $850, and interest; that she subsequently transferred her interest in this contract for this property to William D. Kimball, and Kimball assumed this obligation to pay the $850 and interest to Bowman. The same contract provided that Bowman might, upon certain conditions and under certain circumstances, become the owner of the property- — might redeem it from Kimball, and in that event Kimball would be relieved from payment of the $850 and interest; and also, it was provided by the contract, that Lily M. Todd might redeem the property and become owner of it.
I need say no more with respect to the facts pertaining to their interest in the property.
*557 Paragraph 10 of the agreed statement of facts is as follows :
“On the 26th day of March, 1894, in cause 35957, in the court of common pleas of Lucas county, Ohio, the defendant, the Mutual Aid Building & Loan Company, recovered a personal judgment and a decree of foreclosure against defendant Edmund R. Guiney, in the sum of $692.08, being for money advanced to said Edmund R. Guiney, on December 24, 1892, as a member of the defendant company. Within a short time after date of aaid judgment and decree, proceeds from an order of sale in said cause, amounting to the sum of $451.85, was applied upon said judgment, leaving a balance due and unpaid of $240.23, which claim, with interest at 6 per cent from March 26, 1894, the company now holds and owns ”
A question is made here as to whether Lily M. Todd, who purchased without knowledge of the transactions between Bowman and Guiney, or of the judgment of the Mutual Aid Building & Loan Company against Guiney, did not stand in a more advantageous position in respect to the claim of the Building and Loan Company than Bowman,and whether Kimball, as assignee of the interest of Lily M. Todd,does not occupy this same advantageous position, notwithstanding the fact that- he (as admitted in the agreed statement of facts) had knowledge of all these transactions and of the judgment of the Building and Loan Company against Guiney. It is certain, that the position of Kimball is as good as that of Bowman; that if Bowman could hold this $850, representing part of the value of the property, as against, the claim of the Building and Loan Company against Guiney, then Kimball also can hold it, and if we find that Bowman’s right thereto is superior to that of the Building and Loan Company, the question as to whether a superior right may or may not be traced through Lily M. Todd need not be discussed.
It is agreed that the amount in dispute is not sufficient to satisfy the unpaid balance of the purchase money due from Guiney to Bowman at the time they undertook to rescind their contract of sale by surrendering the deed and conveying as above set forth. By the undisputed testimony it appears that it was at that time agreed between Bowman and *558 Guiney that Bowman should bold on to the note and mortgage of Guiney, for the protection and fortification of the title of Bowman against this judgment of the Building and Loan Company and any other claims against Guiney that might be asserted against the property, and that the mortgage should not be canceled of record..
We entertain no doubt but that by this arrangement a merger of the mortgage was prevented and it was kept alive for the purpose and with the effect designed. 2 Pomeroy’s Equity Jurisprudence, 2 Ed. 790, 791; Bell v. Tenny, 29 Ohio St., 240; Case v. Hall, 52 Ohio St., 24; Boos v. Ewing, 17 Ohio, 500.
That the lien of a judgment or levy attaches only to the interest of the debtor; that is, to his real interest in the property, without respect to what his apparent interest may be, and subject to all equities, though secret or latent, is well settled by the authorities. 2 Freeman on Judgments, secs. 338, 356, 357; Miller v. Albright, 60 Ohio St., 48.
But it is urged that the entry above set forth, of the settlement of the foreclosure suit upon the mortgage, is, in effect, a satisfaction of the mortgage and the claim and ven« dor’s lien theretofore existing in favor of Bowman, and that this is a judgment that is conclusive and not open to question or attack by the indirect method of a re-assertion of the vendor’s lien or mortgagees here attempted.
We do not so regard the scope and effect of this entry. While it may, and no doubt does, for certain purposes es« tablish, as between the parties to the suit, that the right of action therein asserted has been so far affected by a settlement that it cannot form a basis for the further prosecution of that particular suit, or, perhaps, any subsequent suit like it, that is based upon precisely the same cause of action; yet if the terms of settlement were designed to provide for a substituted or new cause of action .based upon the old, preserving all liens, we know of no reason why that may not be done, and why^that cause of action may not be enforced without violating any of the rules as to the inviolability, conclusiveness or sacredness of judgments, regarded either as res judicata or as matter of estoppel.
A decree, as between the parties, is not conclusive except as to that which may be and is actually determined under *559 the issues. Here is neither’Vi foreclosure nor a denial of the right of foreclosure. It is not in strictness a decree upon or determination of any right or issue. What right» are secured or preserved by it must be determined by the agreement which is the basis of the termination of the suit.
It seems to us, that the term “settled” does not necessarily import either that the claim was paid, released, or in any manner discharged or satisfied, except in so far a would be necessary to terminate plaintiff’s present right o action upon it. The term “settled” does not import tha the issues were determined or settled by the court, but that; the matter was settled by the parties,, and that the determination of the suit was arrived at by agreement of some sort. Consistently with these terms the parties may have agreed on an extension of time merely, or many things that would end the present right of action without destroying the liens.
We find but little authority directly upon this question, and some authority to the contrary of the views here expressed; but independently of this, the Building and Loan Company was not a party to this suit, and derives no interest under the judgment, and is in no position to claim any thing under it, or to insist upon its conclusiveness.
The parties may carry out their agreement without doing violence to any right of the Building and Loan Company,acquired under or in reliance upon this judgment. A court of equity would probably require the parties to carry out the agreement notwithstanding the judgment. A case in which something like this was done is that of Lockwood v. Mitchell, 7 Ohio St., 387. But, so long as they chose to do so voluntarily, without raising any question as to the effect of the judgment upon their rights, one standing in the position of the Building and Loan Company will not be allowed to interfere or interpose the judgment to defeat their proper and honorable purpose, since doing so interferes with no equity and violates no right of the Building and Loan Company.
The finding therefore will be that the Building and Loan Company has no right to or interest in this money due upon the confract to Bowman, and as there appears to be no controversy between Bowman and Kimball and Lily M. Todd, *560 the decree may be drawn as the parties may choose to have it, disposing of the fnnd.
H, C. Rorick, for Bowman, Todd and Kimball.
Hurd, Brumback & Thatcher, for the Building and Loan Company.
The coats will be adjudged against the Building and Loan Company.